CONSERVATIVE LIFE INS. CO. v. CONDOS

Ohio Appeals, 9th Dist., Summit Co.

No. 1257. Decided March 8, 1927

647. INSURANCE—Where an agent of an insurance company is given authority to deliver policies and collect premiums, and if he takes a note for the premium, no part of which was ever paid after the death of the insured, the company is bound upon the policy, where there is no provision for forfeiture for non-payment of the premium.

First Publication of this Opinion

WASHBURN, P. J.

The Conservative Life Insurance Co. of Wheeling, W. Va. was represented in Akron by an agent by the name of Hall; who solicited Stephan Condos and obtained from him an application for a policy of insurance by agreeing to take the note of Condos and his wife, who was the beneficiary, for his first year's premium, payable sixty days after date.

The policy was issued and delivered and Condos and his wife executed and delivered a cognovit note for said premium to "the order of G. W. Hall" which note contained no reference whatever to said insurance transaction. By arrangement with the Company and its agent, 75% of said premium belonged to the agent, and the agent was the owner of the note and responsible to the Company for 25% of said premium.

When the note became part due and the agent could not collect he endorsed the note to the Company and was relieved of all liability for the Company's share of said premium.

Notice of the past due note was sent to Condos, but the letter was returned. Later the Company sent a registered letter to Condos in which was stated that the policy was cancelled. Later Condos died and suit was brought to collect on the insurance. The Company defended on the ground that they had cancelled the policy. The Summit Common Pleas held for Condos, and error proceedings were brought to reverse the lower court.

The Court of Appeals held:

1. There is no provision in the policy authorizing the sending of notice of forfeiture or cancellation through the mails; and there is nothing in the note or in the policy providing for a forfeiture of the policy for failure to pay said note.

2. Where, as soon as a life insurance policy was issued, the Company had charged up its agent with the part of the premium due it, the debt to the company was transferred to the agent, and it could not claim that because of Condos' alleged failure to pay the premium within the required time, the policy becomes void.

3. Upon the question of law, as to whether or not the taking of a note constitutes a payment, it is well settled that an agent of a life insurance company who delivers the policy and has authority to determine how premiums shall be paid, in which case the agent becomes the creditor of the insured and the debtor of the insurer, even though the premium should never reach the company, the policy is binding.

Judgment affirmed.

(Funk, Pardee, JJ., concur.)

Attorneys—Mottinger & Evans for Company; Waters, Andress, Southworth, Wise & Maxon, and Paul C. Wick for Condos; all of Akron.